(No. 26752.—

THE PEOPLE ex rel. Lula M. Ross, County Collector, Appellee, vs. CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY, Appellant.

*Opinion filed November 17, 1942—Rehearing denied Jan. 14, 1943.*

ANDREW C. SCOTT, and JAMES I. SHIELDS, for appellant.

J. L. BREARTON, State's Attorney, for appellee.

Mr. JUSTICE MURPHY delivered the opinion of the court:

The county collector of Carroll county applied to the county court for a judgment for the delinquent taxes assessed against appellant's property for the year 1939. Appellant filed two objections and on hearing the facts were stipulated. The objections were overruled and appellant perfected an appeal direct to this court.

As to the first objection, it was stipulated that the Illinois Tax Commission fixed the full value of appellant's property in the State for the year 1939 at $99,400,000, and that the commission then divided said full value between the respective counties and other taxing districts through which appellant's lines were operated, so that the value of the property allocated to Carroll county was $2,641,049; that the commission further determined that property generally in Carroll county was assessed at 50 per cent of the

fair cash value and that it found the percentage used by local assessing officers throughout the State for that year was 35 per cent of the fair cash value of the property generally. It was further stipulated that the commission equalized the full value of appellant's property assigned to each county at the equalization ratio thus found by the commission to prevail in the county in which the property was located. By using the equalization ratio of 50 per cent in Carroll county, it resulted in a valuation of $1,320,525, which amount was certified by the commission to the assessing authorities of the county. It was further stipulated that the commission, in assessing appellant's property in Carroll county and elsewhere in the State for the year in question and in equalizing the assessment thereof, proceeded in the same manner and followed the same method in arriving at the equalization percentage as was adopted by the commission and considered in *Mobile and Ohio Railroad Co.* v. *State Tax Commission,* 374 Ill. 75. It was stated that because the commission failed to equalize the value of appellant's property at the State-wide average rate of 35 per cent, appellant appealed from the commission's ruling to the circuit court of St. Clair county, which court upon the authority of the *Mobile and Ohio Railroad Co. case, supra,* held that the method used by the commission in making the assessment for 1939 was unlawful and ordered the commission to equalize the full value in each county at that percentage of the fair cash value which represents the State-wide average of percentages used by local assessing officers throughout the State, that is, 35 per cent of $99,400,000, which, if adopted, would result in a valuation of appellant's property in Carroll county for taxing purposes at $924,368. It is stated that pursuant to the order of the court, the commission reduced the assessed value of appellant's property to the figures stated, and re-certified such value to the county clerk of Carroll county, but that the clerk ignored such revised figures and extended

the tax against appellant's property on an equalized value of 50 per cent of the full value. Appellant contended that by reason of the clerk of Carroll county using the equalizing factor of 50 per cent of the full value instead of 35 percent, it resulted in an excessive valuation, whereby its property was subject to an excessive tax in the sum of $14,315.78.

The first objection refers to the equalizing factor used in fixing the assessable value of appellant's property. The factor used by the county clerk in the instant case is the same as that used in *People ex rel Ross* v. *Chicago, Milwaukee, St. Paul and Pacific Railroad Co. ante*, p. 58. The facts stipulated in this case do not differ in any material respect from those stipulated in the *Chicago, Milwaukee case, supra.* The only difference is as to that part of the facts in this case which state that appellant appealed from the ruling of the tax commission to the circuit court of St. Clair county, the order entered by that court and the recertification of the valuation by the tax commission to the county clerk of Carroll county. The record in the former case did not disclose any such appeal by the objector in that case. Appellant in this case contends that the order of the circuit court of St. Clair county is *res judicata* of all matters raised on this appeal. It will not be necessary to consider such contention, for the similarity of the other facts in the two cases makes the ruling in the former case controlling here.

Appellee earnestly contends that the holding in the *Chicago, Milwaukee case, supra,* results in the court's assuming the functions of the assessing officers and fixing the assessable value of appellant's property. Such contention arises out of a misapprehension of the effect of the holding in that case and other cases where the same principle was involved. The full value of appellant's property was fixed by the taxing authorities whose duty it was, under the statute, to make such assessment. That value is not changed by the ruling. As was stated in *People ex rel. Toman* v.

*Pickard,* 377 Ill. 610: "It is recognized that taxing officials of the State do not generally take the fair cash value of real estate as the final value for the extension of taxes but accept a fixed percentage of the fair cash value of each item of property as an equalizing factor." The opinion in the former case and in *Mobile and Ohio Railroad Co.* v. *State Tax Commission, supra,* referred solely to the equalizing factor used in determining the value on which the tax should be extended. Such ruling in no way changed the full value as fixed by the assessing officers but merely directed that in equalizing the value of property within the jurisdiction of the taxing body the same equalizing factor should be used as to all property of that class and that failure to use such factor destroyed uniformity in taxation. This court has held many times that such equalizing factor should be uniformly applied as to all property within the same jurisdiction. *People* v. *Pickard, supra; Mobile and Ohio Railroad Co.* v. *State Tax Commission, supra; People's Gas Light and Coke Co.* v. *Stuckart,* 286 Ill. 164; *People ex rel. Bracher* v. *Orvis,* 301 id. 350; *Bistor* v. *McDonough,* 348 id. 624.

Appellant's second objection challenges the following items in the county levy "record books for county officers, $3,000; for printing and stationery for county officers, $1,500; for contingent purposes, $2,500." The same objection was considered to the same levy in *People ex rel. Ross* v. *Chicago, Milwaukee, St. Paul and Pacific Railroad Co. supra,* and the holding in that case is decisive of the questions raised here.

Under the authority of the *Mobile and Ohio* and *Chicago, Milwaukee cases, supra,* the judgment of the county court is reversed and the cause remanded with directions to sustain the objections and proceed in accordance with the views expressed.

*Reversed and remanded, with directions.*